No. 98-60527
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60527
Summary Calendar

_____

CURTIS B. CURRY,

                                             Plaintiff-Appellant,

versus

STEVE PUCKETT; JAMES ANDERSON; ROBERT ARMSTRONG,
Warden; MISSISSIPPI STATE PENITENTIARY EMERGENCY
RESPONSE TEAM; JOHN DOE, I, Chief of Security;
MISSISSIPPI STATE HIGHWAY PATROLMEN; JIM INGRAM,
Commissioner of Public Safety; JOHN DOE, IV,
Mississippi State Penitentiary Superintendent
James Anderson's Designee; MISSISSIPPI STATE
PENITENTIARY REGIMENT INDIVIDUAL DISCIPLINE
INMATES; TOPPIE SPELLS; JOE CONNER, Lieutenant;
DAVID HARRISON, Major; MISSISSIPPI STATE
PENITENTIARY; MISSISSIPPI DEPARTMENT OF
CORRECTIONS; JESSIE RANDLE; JOHN WILLIAM;
CHERONDA JOHNSON; JOHN DOE, II, Commissioner
Puckett's Designee; JOHN DOE, III, Commissioner
Puckett's Designee; K-9 TACTICAL TEAM,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:97-CV-118-B-A
--------------------
March 1, 2000

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:*

    Curtis B. Curry, Mississippi prisoner # 81606, challenges

the district court's dismissal as frivolous of his 42 U.S.C.

_____

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1983 lawsuit alleging denial of access to the courts and an unconstitutional seizure and destruction of his legal materials. Although Curry asserted in the district court that the loss of his legal materials affected his ability to prosecute nine cases, he has briefed the adverse effects in only three of those cases. The merits surrounding the other six are deemed abandoned. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). As for the remaining three cases, Curry has not shown that the loss of his legal materials affected his ability to "prepare and transmit a necessary legal document to a court." See Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993). In one, Curry v. Walls, Curry was not prevented from filing a response in this case because of the loss of legal materials, but by his own delay in requesting an extension of time to file a response to the clerk's order to show cause. In the others, Curry v. Hargett and Curry v. Dial, he admitted that he was able to present documents and hold a hearing after the loss of his legal materials. Curry has not shown that his ability to try any case was affected by the loss of his legal materials.

Curry also asserts that the prison personnel violated his constitutional rights by failing to follow prison policies while failing to take custody of Curry's legal materials before Curry went to the hospital, while conducting a "shakedown" search of the prison area, and while confiscating and destroying Curry's legal materials. This argument is frivolous. An allegation that prison officials failed to follow prison policy, without more,

does not state a constitutional cause of action. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Because Curry's appeal is without arguable merit, it is frivolous and must be dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). This dismissal of a frivolous appeal following the district court's dismissal of the lawsuit as frivolous constitutes two strikes against Curry for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If one other district court action or appeal filed by Curry is dismissed as frivolous, he will be barred from bringing a civil action or appeal as a prisoner proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2. SANCTIONS WARNING ISSUED.